NORTHERN DISTRICT OF TEXAS

FILED

JUL 11 2014

CLERK, U.S. DISTRICT COURT

By _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA    §
                            §
VS.                         §    NO. 4:14-CV-314-A
                            §    (NO. 4:13-CR-128-A)
MICHELLE JOHNSON            §
                            §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Michelle Johnson

("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  Having reviewed the motion and accompanying

memorandum in support, the record, the government's response[1],

and applicable legal authorities, the court concludes that the

motion should be denied.

I.

Background

On August 16, 2013, movant pleaded guilty to aiding in the

preparation of a false tax return, in violation of 26 U.S.C. §

7206(2).  On January 31, 2014, the court sentenced movant to a

term of imprisonment of 36 months, to be followed by a one-year

term of supervised release.  The court also ordered restitution

---

[1] As of the date this memorandum opinion and order is signed, movant has failed to file a reply to the government's response.  The deadline for such filing was June 23, 2014.

in the amount of $1,652,891.00.  Movant did not file a direct

appeal, but she timely filed her § 2255 motion on May 7, 2014.

II.

## Grounds of the Motion

Movant identified three grounds for relief in her motion:

(1) ineffective assistance of counsel for failing to present

mitigating evidence; (2) ineffective assistance of counsel for

failing to investigate key elements in the case; and (3) error by

the prosecution in failing to indict a partner who was similarly

situated to movant.

III.

## Analysis

### A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted.  United States v. Frady, 456 U.S.

152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant

can challenge her conviction or sentence after it is presumed

final on issues of constitutional or jurisdictional magnitude

only, and may not raise an issue for the first time on collateral

review without showing both "cause" for her procedural default

2

and "actual prejudice" resulting from the errors.   <u>Shaid</u>, 937
F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial
errors.   It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice.   <u>United States v. Capua</u>, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981).   In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
<u>Davis v. United States</u>, 417 U.S. 333, 345 (1974).

B.   <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim,
movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).   Both prongs
of the <u>Strickland</u> test must be met to demonstrate ineffective
assistance.   <u>Id.</u> at 697.   Further, "[a] court need not address
both components of an ineffective assistance of counsel claim if
the movant makes an insufficient showing on one."   <u>United States
v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).

3

"The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (emphasis in orignal) (quoting Strickland, 466 U.S. at 686)).  In the context of a guilty plea, prejudice requires movant to show there is a reasonable probability that, but for her attorney's errors, she would not have pleaded guilty but would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689.

1.  Ground One

In her first ground for relief, movant claims that her counsel was ineffective for failing to present mitigating evidence at her sentencing.  Specifically, movant complains that her attorney failed to report to the court that there were other parties who were as culpable as movant.

However, movant fails to identify the parties she believes her attorney should have brought to the court's attention or

4

explain how doing so would have made any difference to the
outcome of her criminal proceeding. The Fifth Circuit "has made
clear that conclusory allegations of ineffective assistance of
counsel do not raise a constitutional issue in a federal habeas
proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.
2000). Further, it is well established that the failure to make
a frivolous or meritless objection cannot constitute ineffective
assistance of counsel. See United States v. Preston, 209 F.3d
783, 785 (5th Cir. 2000). Therefore, movant's first ground for
relief fails.

    2.   Ground Two

In movant's second ground for relief, movant claims that her
counsel was ineffective for failing to investigate key elements
of her case. Movant asserts that her case was "one of many that
counsel had to defend with little or minimal preparation" and
that "[m]any items that would have supported [movant]'s position
went unaddressed." Memo. in Support of Mot. at 4. Further,
movant contends that her counsel "failed to prepare for
sentencing and by knowing the laws with respect to sentencing,
... failed [to] prepare by filing objections to the PSI [sic] and
challenge the prosecution['s] failure to indict other key persons
in this case." Id. at 5.

However, movant has provided no explanation as to what her attorney should have investigated, what facts or evidence her attorney did not investigate, and what difference such an investigation would have made to the outcome of the sentencing proceeding or to movant's decision to plead guilty. See Hill, 474 U.S. at 59 ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea."); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Further, movant does not identify which items she believes went unaddressed during her criminal case, what preparation her attorney failed to make or which laws her attorney did not know going into the sentencing, or to which parts of the PSR she believes her attorney should have objected. Accordingly, such claims are conclusory and she has failed to satisfy the Strickland standard for ineffective assistance of counsel. See Miller, 200 F.3d at 282.

6

Finally, movant fails to explain how a challenge by her counsel as to the prosecution's failure to indict "other key persons" would have made any difference in the outcome of movant's case, and the failure to make a frivolous or meritless objection cannot constitute ineffective assistance of counsel. See Preston, 209 F.3d at 785. Therefore, none of movant's contentions in her second ground for relief shows ineffective assistance of counsel, and such ground must be denied.

C.   Error by the Prosecution

In her third ground for relief, movant alleges that the prosecution erred by failing to indict a "partner" who was "similarly situated" to movant and "equally culpable." Memo. in Support of Mot. at 4. However, movant failed to raise this issue on direct appeal and has provided no explanation for such failure. Movant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." Shaid, 937 F.2d at 232 (quoting Frady, 456 U.S. at 168). Movant has shown neither. Accordingly, movant's third ground for relief fails.

IV.

## Order

Therefore,

The court ORDERS that the motion of Michelle Johnson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 11, 2014.

_____
JOHN McBRYDE
United States District Judge